IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT WILLIAM PETTY,**

    Petitioner,

v.                                                        Civil Action No. 1:11cv9
                                                            Judge Keeley

**TERRY O'BRIEN,**

    Respondent.

## REPORT AND RECOMMENDATION

On January 27, 2011, the petitioner, Robert William Petty, a federal prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2241, along with a motion for leave to proceed *in forma pauperis*. On January 31, 2011, an Order was entered, granting *in forma pauperis* status but requiring petitioner to pay the required fee. After receiving payment of the fee, the Court directed the respondent to show cause why the petition should not be granted.

On March 18, 2011, the respondent moved for an extension of time. The motion was granted on March 21, 2011. On April 7, 2011, the respondent moved for an Order granting access to Bureau of Prisons ("B.O.P.") records. The following day, the respondent filed another motion requesting a further extension of time. On April 8, 2011, an Order was entered granting the extension of time. On May 10, 2011, the respondent's motion for access to B.O.P. records was granted as framed. The following day, the respondent filed another motion for an extension of time, which was granted on May 12, 2011. On June 8, 2011, the respondent filed yet another motion requesting a further extension of time. That request was granted on June 9, 2011.

On June 15, 2011, the respondent filed a Motion to Dismiss, Motion for Summary Judgment, or, Alternatively, Motion to Transfer Case, with a Memorandum in Support and a Memorandum Continuation of Exhibits, along with a Motion to Seal Unredacted Documents. The Motion to Seal

1

was granted the same day, and because the petitioner is proceeding without counsel, the Court issued a Roseboro Notice the same day.

On June 21, 2011, the petitioner filed a motion requesting an extension of time in which to reply which was granted by Order entered the following day. On June 27, 2011, the petitioner filed his Traverse to the Government's Response to Petitioners [sic] Section 2241 Petition. This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, *et seq.,* is ripe for review.

## I.  Factual and Procedural History

On March 23, 1997, petitioner was indicted in the United States District Court for the District of Maryland, for being a felon in possession of a firearm, in violation of Title 18 U.S.C. § 922(g)(1). (Dkt.# 28-1). After a three-day jury trial, petitioner was found guilty on September 25, 1997l. (Id. at 6). A PreSentence Investigation Report ("PSR") was prepared; the Court considered it, along with petitioner's objections thereto, determining that petitioner had a total offense level of 34, a criminal history category of VI, a sentencing range of 262 to 327 months imprisonment, a supervised release range of 2-3 years and a "significant criminal history and inability to curb violent behavior and drug/alcohol use." (Dkt.# 30-2 at 6). Ultimately, on February 13, 1998, petitioner received a sentence of 327 months' imprisonment, 3 years supervised release, and a $100 special assessment.

Since then, in addition to a motion for a new trial[1] and an unsuccessful direct appeal,[2] petitioner has filed a plethora of motions in the sentencing court, seeking relief from his conviction

---

[1] His motion was denied.

[2] On appeal, petitioner argued that the district court erred when it: denied his motion for acquittal; permitted the government to introduce evidence and testimony in violation of Fed. R. Crim. P. 16 and Fed.R. Evid. 702; erroneously calculated his criminal history; instructed the jury; refused to answer jury questions; refused to permit the late filing of his notice of an insanity defense. Further, he argued that he received ineffective assistance of counsel when counsel failed to: challenge his criminal history at sentencing; investigate government witnesses; introduce specific evidence; present specific witnesses; make specific objections; timely file a notice of insanity defense; and request a downward departure on the basis of petitioner's prior psychological treatment and his early drug/alcohol use. *Inter alia,* Petty argued that three (3) of his prior convictions should be considered as related under USSG § 4A1.2 (a)(2) (1996). In its April 2, 1999 opinion affirming the district court's decision, the Fourth

and sentence.[3] Between January 29, 2002 and January 24, 2004, petitioner filed an additional two dozen new motions challenging his conviction and sentence. By Order dated March 29, 2004, the Court denied nearly all of them.[4] (D. Md. Dkt.# 143)(8:97cr107). Petitioner timely appealed and on August 5, 2004, in an unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals dismissed the appeal. (4th Cir. Dkt.# 24 and 27) (04-6714).

Undeterred, petitioner relentlessly continued prolifically filing motions in the District of Maryland, this district, and the Fourth Circuit Court of Appeals, asserting various challenges to his conviction and sentence.[5]

---

Circuit Court of Appeals declined to address the issue, noting that "[e]ven if these convictions were considered related, Petty's criminal history category would be unaffected-both because his number of criminal history points would still exceed the 13 points necessary to place him in category VI, and because he qualified as an armed career criminal, which also places him in category VI." (Dkt.# 30-3 at 4).

[3] *Inter alia,* on December 8, 1999, he filed a Motion under 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of counsel, and later, a motion to amend the same. After the motion was denied on May 16, 2001, he filed a 72-page motion for a certificate of appealability, and motions for discovery and for a transcript at the government's expense. His motion was denied on May 30, 2001. His motions for discovery and for a transcript at the government's expense were likewise denied. He filed timely notices of appeal; the Fourth Circuit Court of Appeals consolidated his appeals from the denial of his 2255 motion and the motions for certificate of appealability and discovery, dismissing them all. Petitioner filed a motion for a rehearing *en banc*, which was also denied. Mandate issued on January 31, 2002. Undaunted, petitioner filed a petition for a writ of *certiorari* on February 8, 2002, and on March 15, 2002, a motion to recall the mandate. The Fourth Circuit denied his motion to recall the mandate the same day it was filed (4th Cir. Dkt.# 56)(01-6779) and the Supreme Court denied his petition for a writ of *certiorari* on March 18, 2002 (4th Cir. Dkt.# 61)(01-6779). On April 15, 2002, petitioner filed a motion for reconsideration of the motion to recall the mandate; the Fourth Circuit denied it on May 10, 2002. (4th Cir. Dkt.# 65)(01-6779).

[4] The Court did grant several of petitioner's motions to amend various motions, as well as a motion requesting return of certain trial exhibits.

[5] In April of 2005, he attempted unsuccessfully to reopen his direct appeal by sending an application with a supporting affidavit to the Fourth Circuit Court of Appeals. (4th Cir. Dkt.# 76)(98-4186). On May 11, 2005, he filed a *Nunc Pro Tunc* Objection(s) to Presentence Investigation Report, in U.S. District Court, District of Maryland, raising, *inter alia,* two objections to the same three (3) convictions being considered as unrelated for the purposes of calculating his criminal history and qualifying as predicate offenses for his Armed Career Criminal Act designation ("ACCA") (Dkt.# 29-1); and a May 25, 2005 Rule 60(b) Motion for Fraud Upon the Court (D. Md. Dkt.# 151) (8:97cr107). On July 20, 2005, he filed a Motion to Supplement *Nunc Pro Tunc* Objections to Presentence Investigation Report, also in the sentencing court, attaching case law in support of his argument that the three (3) predicate ACCA offenses should be considered one offense, because they were committed in an ongoing attempt at escape from prison (Dkt.# 29-2). On July 20, 2005, he filed a Motion under 28 U.S.C § 2244 For An Order Authorizing Court to Consider Second Or Successive Application for Relief Under 28 U.S.C. § 2255 with the Fourth Circuit Court of Appeals, again arguing that he was actually innocent of the ACC enhancement because his predicate offenses were one continuous act of escape, not three separate felonies, which was denied on August 22, 2005 (4th Cir. Dkt.# 7)(05-0389). On July 25, 2005, he filed a Motion to Amend *Nunc Pro Tunc* Objections to

3

Thereafter, on January 27, 2011, petitioner filed the instant action.

## II. Contentions of the Parties

### A. The Petition

In his petition, the petitioner raises the following ground for relief:

1) due to the Fourth Circuit Court of Appeals' recent decision in United States v. Alston, 611 F.3d 219 (4th Cir. 2010), he is actually innocent of the sentence imposed and of the Armed Career

---

Conform Prior Motion to Facts of the Case with the sentencing court, raising further "clarification" as to the same issues (Dkt.# 29-3); and then an August 3, 2005 Motion to Amend Objections to Presentence Investigation Report Pursuant to F.R.CIV.P., Rule 15, raising the same arguments (Dkt.# 29-4); a January 12, 2006 Motion to Reserve Rights (D. Md. Dkt.# 157)(8:97cr107); an August 7, 2006 Combined Affidavit in Support of Motion(s) Filed Pursuant to Rule 60(b), Id. at Dkt.# 158; a September 5, 2006 Nunc pro Tunc Motion in Objection to Conflict of Interest Suffered by Steven D. Kupferbert, Id. at Dkt.# 159; and a September 14, 2006 Motion to Re-Open Conflict of Interest Claim Within 2255 Motion with Exhibits, Affidavit in Support, Id. at Dkt.# 160. On July 25, 2007, he filed a Motion to Reopen Sentencing Proceedings with the sentencing court, raising the same arguments about his ACCA predicate convictions (Dkt.# 29-5). On December 21, 2007, he filed a Motion for Reduction on Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582 in the sentencing court, reiterating the same arguments and requesting vacation of his ACCA enhancement pursuant to U.S.S.G. Amendment 709, which had become effective the previous month (Dkt.# 29-7). On January 4, 2008, he filed a Motion Under F.R.Civ.P. Rule 60(b) and/or Independent Action, raising the same arguments and requesting relief from the "fraudulently obtained [sentencing] proceeding of February 13, 1998" (Dkt.# 29-8). On January 10, 2008, he filed a Petition for a Writ of Prohibition, Id. at Dkt.# 165; and on March 19, 2008, a Motion Under Fed.R.Civ.P. 60(a), again arguing for the relatedness of his ACCA predicate offenses (Dkt.# 29-9). On February 4, 2008, he filed another Application for Leave to file a Second or Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody with the Fourth Circuit Court of Appeals, raising the same arguments about the alleged relatedness of his three ACCA predicate offenses and claiming actual innocence. By Order dated February 28, 2008, the Fourth Circuit Court of Appeals denied that motion. (Dkt.# 29-6)(08-119). On March 19, 2008, he filed a Motion Under Fed.R.Civ.P. 60(a) Regarding 18 U.S.C. §3582 Administrative Order (D. Md. Dkt.# 172)(8:97cr107). Five days later, he filed a Motion to Amend Motion Filed Pursuant to 18 U.S.C. §3582, Id. at Dkt.# 176. On June 18, 2008, he filed a Motion and Memorandum of Law in Support of Motion Under Fed.R.Civ.P. 60(b)(4) Due to the Judgment being Void, Id. at Dkt.# 177. On August 3, 2009, he filed a Supplemental Affidavit in Support of Motion to Reopen Sentencing Proceedings, Motion for Reduction on Term of Imprisonment and Motion under F.R.Civ.P. Rule 60(b) and/or Independent Action, Id. at Dkt.# 179. On August 17, 2009, he filed a Petition and Memorandum of Law Under 28 U.S.C. § 2241 in this district, again arguing actual innocence of the ACCA designation due to USSG Amendment 709. See Civil Action No. 2:09-cv-100 at #1. In his petition, despite conceding that Amendment 709 had not been made retroactive, he nevertheless argued "that he. . . [had] raised [the issue] . . . before in various ways therefore the reduction should be granted him." Id. at FN 13. He again reiterated his argument that the three (3) prior convictions used to enhance his sentence under the ACCA (CT-82-1130 assault with intent to murder; CT-82-1131 burglary; and CT-82-1132A robbery with a deadly weapon), were related convictions and should have only counted as one prior felony. The Magistrate Judge issued a Report and Recommendation, specifically noting that the probation officer's Addendum to the Presentence Report stated: "It is our belief that the convictions in paragraphs 25 [CT-80-45B robbery with a deadly weapon], 29 [CT-82-1130assault with intent to murder], 35 [CT-82-1132A robbery with a deadly weapon], and 38 [5028221Aassault] are all violent felony convictions and more than qualify the defendant as an armed career criminal," and concluding that even if the three felonies were related, they would have counted as one qualifying felony conviction, which, when combined with the other qualifying felony convictions identified in the addendum to the presentence report, still amounted to three (3) qualifying convictions. After considering Petty's objections, the District Judge adopted the report and recommendations, granting judgment to the respondent and dismissing Petty's petition *with prejudice* (emphasis added). See Civil Action No. 2:09-cv-100 at Dkt.# 45.

4

Criminal Act ("ACCA") designation he received, because in Alston, the defendant's Alford[6] pleas were deemed not to be qualifying predicate convictions for enhancement under the ACCA. Petitioner contends that the three prior convictions that were used to enhance his sentence under the ACCA were obtained by Alford pleas. He maintains that without the three Alford plea convictions, his sentence would be 110 – 137 months, and that because he has already served over 144 months of his 327 month ACCA-enhanced sentence, "any reduction, at this point, would potentially make . . . [him] eligible for immediate release[.]"

As relief, he request that this Court vacate and/or set aside his ACCA-enhanced sentence, and recalculate it under prevailing Fourth Circuit law.

**B. The Respondent's Motion to Dismiss, Motion for Summary Judgment or, Alternatively, Motion to Transfer**

The Government contends that the petition should be dismissed because:

(1) the petitioner's claims do not merit relief under 28 U.S.C. § 2241, which is intended to address the execution of a sentence, rather than its validity. Because petitioner is challenging the validity of his sentence, he is required to proceed under § 2255 in the district court of his conviction.

2) Petitioner continues to incorrectly assert that the thre prior felonies used as predicate offenses for determining his Armed Career Criminal Act ("ACCA") sentence enhancement were: CT-82-1130 assault with intent to murder; CT-82-1131 burglary; and CT-82-1132A robbery with a deadly weapon. However, in the addendum to his PreSentence Investigation Report ("PSR"), the probation officer indicated that he also considered ¶25 (CT-80-45B robbery with a deadly weapon); ¶29 (CT-82-1130 assault with intent to murder; ¶35 (CT-82-1132A robbery with a deadly weapon); and ¶38 (5028221A assault) to be violent felony convictions as well.

3) The violent nature of petitioner's prior felonies are inherent in the convictions and therefore Petitioner's reliance on the Alston case is misplaced.

4) Petitioner cannot show that the remedy of §2255 was inadequate or ineffective, and he fails to show he satisfies the three-prong test set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000).

5) Should this court determine that petitioner is entitled to further review, his claim should be transferred to the district of his conviction.

**C. The Petitioner's Response**

In response, the petitioner more or less reiterates the arguments made in prior pleadings, and attempts to refute the respondent's position on the same.

---

[6] North Carolina v. Alford, 400 U.S. 25 (1970).

## III. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and sentence is properly construed to be a §2255 motion. Except as discussed below, a motion filed under §2241 necessarily must pertain to "an Applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a petitioner is entitled to file a §2241 petition if he can satisfy the "savings clause" in §2255,[7] by demonstrating that §2255 is an adequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[8]

---

[7] Section 2255 states: [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

Jones, 226 F.3d at 333-34.

In this case, Petitioner is not challenging the execution of his sentence, but instead, the imposition of his sentence as an Armed Career Criminal. In particular, he alleges he is actually innocent of the sentence imposed and of the Armed Career Criminal Act ("ACCA") designation he received, in view of the Fourth Circuit's 2010 decision in the Alston case. Although he insists that he is entitled to application of §2255's savings clause, it is clear that he is not. Even if he could satisfy the first and the third elements of Jones, he cannot meet the second; the substantive law has not changed such that the conduct he was convicted of has been deemed not to be criminal. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition. Moreover, petitioner has challenged the predicate offenses underlying his Armed Career Criminal status many times and in a myriad of ways: at sentencing, on direct appeal, in a motion pursuant to §2255, in a prior §2241 petition, and in dozens of other post-conviction motions. Each time, the courts have considered his arguments and denied relief. Accordingly, the undersigned will not undertake yet another analysis of the same claims petitioner is again raising, albeit now under the guise of the applicability of the Alston case.[9]

---

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[9] Petitioner's reliance on Alston is inapposite. Irrespective of whether the convictions for his predicate offenses were obtained by Alford plea, they are still qualifying ACCA predicate offenses. The Armed Career Criminal Act specifies that a defendant who has three previous convictions for violent felonies or serious drug offenses, or both, committed on occasions different from one another must be sentenced to at least 15 years' imprisonment. 18 U.S.C. § 9424(e)(1). The Act defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). Petitioner's Alford pleas to his ACCA predicate offenses (CT-82-1130 assault with intent to murder; CT-82-1131 burglary; and CT-82-1132A robbery with a deadly weapon), are convictions for inherently violent crimes, unlike Alston's Alford pleas to a Maryland charge of second-degree assault, where second-degree assault involves several different generic crimes, some of which are violent felonies and some of which are not. The ambiguity in Maryland's law worked to Alston's favor on appeal. The Fourth Circuit found that "[b]ecause Alston's Alford plea to second-degree assault did not *necessarily* rest on facts establishing his participation in a type of assault that qualifies as a violent felony, see Shepard v. United States, 544 U.S. 13, 20 – 21, 24, 125 S.Ct. 1254, 161 L.Ed. 2d 205 (2005), in that (1) he admitted

7

## V. Recommendation

For the foregoing reasons, and for failing to state a claim upon which relief can be granted, the undersigned recommends that the respondent's Motion to Dismiss (Dkt.# 27) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the United States District Court. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation

---

to no such facts and (2) such facts are not inherent in a Maryland conviction for second-degree assault, we cannot conclude that Alston's conviction for second-degree assault qualifies as a predicate conviction under ACCA." Alston, *supra* at 221. Because of the ambiguity in the law, the district court in Alston applied the modified categorical approach of Shepard, and considered the transcript from his plea hearing, concluding that the prosecutor's proffer of the factual basis for the plea could be used under Shepard to determine if his conviction was for a violent felony. However, sentencing courts are prevented from "assessing whether a prior conviction counts as an ACCA predicate conviction by relying on facts neither inherent in the conviction nor admitted by the defendant. See Alston at n.2. Because Alston had entered an Alford plea, he had not admitted to the facts proffered by the prosecutor and the violent nature of the second-degree assault was not inherent in the conviction, his judgment was vacated and he was remanded for re-sentencing without consideration of the second-degree assault as an ACCA predicate conviction. Such is not the case here. The addendum to petitioner's PSR states that ¶ 25 [CT-80-45B, robbery with a deadly weapon], ¶ 29 [CT-82-1130 assault with intent to murder], ¶35 [CT-82-1132A robbery with a deadly weapon], and ¶38 [5028221A assault] to be inherently violent felony convictions. The United States Supreme Court recently revisited the categorical analysis used to determine whether an offense is a violent felony, emphasizing that only the fact of the conviction will be considered, not facts disclosed by the record of conviction: "[t]hat is, we consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." Sykes v. United States, 131 S. Ct. 2267, 2272, 180 L. Ed. 2d 60 (2011) (internal quotation marks and citations omitted). Here, the record is clear. There is no question but that petitioner's ACCA predicate offenses are inherently violent.

to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 27, 2011

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE