IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT WILLIAM PETTY,**

    **Petitioner,**

**v.** // CIVIL ACTION NO. 1:11CV9
                                  (Judge Keeley)

**TERRY O'BRIEN,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the 28 U.S.C. § 2241 petition filed by Robert William Petty. For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

**I.**

On January 27, 2011, the pro se petitioner, inmate Robert William Petty ("Petty"), filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1) alleging that he is "actually innocent" of the Armed Career Criminal Act ("ACCA") designation he received at his sentencing. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with LR PL P 2.

On June 15, 2011, the respondent, Terry O'Brien ("O'Brien"), filed a Motion to Dismiss, Motion for Summary Judgment, or, alternatively, Motion to Transfer Case. (Dkt. No. 27). The

Magistrate Judge issued a Roseboro notice to the petitioner that same day. Petty filed a response in opposition to the respondent's motion on June 27, 2011.

Magistrate Judge Seibert issued an Opinion and Report and Recommendation ("R&R") on October 27, 2011, in which he recommended that O'Brien's motion to dismiss be granted and the petitioner's § 2241 petition be denied and dismissed with prejudice. (Dkt. No. 38). Pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), Magistrate Judge Seibert determined that Petty is not entitled to file the instant § 2241 petition because he has not established that § 2255 is an inadequate or ineffective remedy for his claims.

Petty filed objections to Magistrate Judge Seibert's R&R on November 4, 2011. In essence, Petty contends that he can meet the three-prong test of In re Jones and that, consequently, the magistrate judge incorrectly determined that § 2241 was an improper vehicle for his claims. After conducting a de novo review, the Court concludes that Petty's objections are without merit.

## II.

On September 25, 1997, subsequent to a jury trial in the United States District Court for the District of Maryland, Petty was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, the sentencing court determined that he was

an armed career criminal and enhanced his sentence accordingly. Subsequent to his unsuccessful direct appeal, Petty has filed dozens of motions challenging his conviction and sentence in this district and others, including petitions pursuant to 28 U.S.C. §§ 2255 and 2241.

Through § 2241, Petty now argues that there has been a change in the law, subsequent to his first § 2255 petition, that has rendered him "actually innocent" of being an armed career offender under the ACCA. Specifically, he argues that three of his predicate offenses no longer qualify as violent felonies pursuant to United States v. Alston, 611 F.3d 219 (4th Cir. 2010), and he consequently seeks a recalculation of his sentence.

### III.

Where, as here, a petitioner seeks to attack the imposition of his sentence, rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2225 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332. Section 2255 is inadequate or ineffective where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was

> convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Contrary to Petty's arguments, he has not established that "the conduct of which [he] was convicted" is no longer criminal, as required by the second prong of this test. Id.

**A.**

As a threshold matter, Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences. United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Instead, the relevant case law has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, Petty does not assert that the conduct for which he was actually convicted, being a felon in possession of a firearm, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9,

2009) (collecting cases); see also Cooper v. Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

**B.**

Even if the Court were to consider Petty's substantive arguments, there is simply no support for Petty's contention that United States v. Alston worked a change in the law that de-criminalized the conduct underlying his ACCA predicate convictions. See In re Jones, 226 F.3d at 334 (savings clause only applicable where "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal").

A defendant convicted of an offense under 18 U.S.C. § 922(g) is subject to sentence enhancement as an armed career criminal if he has "three previous convictions by any court . . . for a violent felony." 18 U.S.C. § 924(e)(1); see also U.S.S.G. § 4B1.4. The ACCA defines a "violent felony" as a "crime punishable by imprisonment for a term exceeding one year" that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.

5

§ 924(e)(2)(B).

Petty contends that the following three convictions, to which he allegedly pled guilty via <u>Alford</u> pleas,[1] were used to qualify him as an armed career criminal: (1) Assault with Intent to Murder [CT-82-1130] (PSR ¶ 29); (2) Burglary [CT-82-1131] (PSR ¶ 32); and (3) Robbery with a Deadly Weapon [CT-82-1132A] (PSR ¶ 35). However, as another court in this District has noted, "this is simply not the case." <u>Petty v. Cross</u>, 2:09-cv-00100, (Dkt. No. 40-2 at 6, N.D. W. Va. Feb. 26, 2010). Instead, as specifically identified in his Presentence Investigation Report ("PSR"), the convictions used to enhance Petty's sentence were as follows: (1) Robbery with a Deadly Weapon [CT80-45B] (PSR ¶ 25);(2) Assault with Intent to Murder [CT-82-1130] (PSR ¶ 29); (3) Robbery with a Deadly Weapon [CT-82-1132A] (PSR ¶ 35); and (4) Assault [5028221A] (PSR ¶ 38). (Dkt. No. 30-3 at 13).[2] Petty, then, only seeks relief as against

---

[1] <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970) (authorizing a defendant to consent to punishment without admitting participation in the acts constituting the crime). Although the Court operates under the assumption that Petty did, as he claims, enter <u>Alford</u> pleas, it notes that this fact is neither reflected in the Presentence Investigation Report nor contained in any document on the record of this case.

[2] Petty argues that the government should be restricted to the convictions listed in PSR ¶¶ 29, 32, and 35 because "these three predicates are the only three prior convictions certified and submitted prior to sentencing." (Dkt. No. 40 at 1-2). This argument is unavailing in light of the Fourth Circuit's decision in <u>United States v. O'Neal</u>, which specifically held that pretrial notice of the applicability of the ACCA is not required and that a listing of the convictions in the presentence report is "more than adequate." 180 F.3d 115, 125-26 (4th Cir. 1999).

the use of the overlapping convictions (2) and (3), which he maintains no longer qualify as "violent felonies" per Alston.

In Alston, the defendant had entered an Alford plea to a Maryland charge of second-degree assault, a broad offense which encompasses both violent and non-violent crimes. Alston, 611 F.3d at 220. The Fourth Circuit found that this conviction could not qualify as an ACCA predicate because it "did not necessarily rest on facts establishing [the defendant's] participation in a type of assault that qualifies as a violent felony" because "(1) he admitted to no such facts and (2) such facts are not inherent in a Maryland conviction for second-degree assault." Id. at 221 (emphasis in original) (citing Shepard v. United States, 544 U.S. 13, 20-21 (2005)). Essentially, this case stands for the unremarkable proposition that, "'[w]hen the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes,'" a district court is confined to the limited list of Shepard-approved sources of information in order "'to determine which statutory phrase was the basis of conviction.'" Alston, 611 F.3d at 223 (quoting Johnson v. United States, --- U.S. ----, 130 S. Ct. 1265, 1273 (2010)). A prosecutor's proffer of the factual basis for an Alford plea, upon which the district court in Alston relied, is not such a Shepard-approved source. See Shepard, 544 U.S. at 26.

To begin, the Court notes that the decision in <u>Alston</u> does not call into question the criminality of any conduct. <u>See, e.g.</u>, <u>Jones</u>, 226 F.3d at 334 (intervening Supreme Court decision clarified that mere possession of a firearm does not constitute use of a firearm in drug trafficking offense); <u>see also</u> <u>Jackson v. Caraway</u>, No. WMN-11-1876, 2011 WL 5570797, at *3 (D. Md. Nov. 15, 2011). Instead, this case simply serves to clarify the legal classification of certain convictions that are obtained pursuant to <u>Alford</u> pleas. Petty does not argue that the conduct underlying his predicate offenses is no longer criminal, or that he is factually innocent of his predicate crimes, but simply that, under <u>Alston</u>, these felonies can no longer be classified as "violent" under the ACCA.[3] Pursuant to the second prong of <u>In re Jones</u>, this argument is insufficient to establish that his predicate convictions have been "deemed not to be criminal" by a substantive change in the law. <u>In re Jones</u>, 226 F.3d at 334.

Moreover, unlike the underlying offense in <u>Alston</u>, which

---

[3] Petty states that, per <u>Alston</u>, he is "actually innocent" of the "[s]entence imposed and the ACCA designation" he received. (Dkt. No. 37 at 2). "Actual innocence" is, however, a term of art which serves as an avenue for a petitioner who seeks to raise defaulted habeas claims. To the extent that Petty meant to raise a separate "actual innocence" claim, such a claim would be facially invalid because he does not base his claims on "factual innocence," but instead on "mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998); <u>see also</u> <u>United States v. Pettiford</u>, 612 F.3d 270, 284 (4th Cir. 2010) ("Actual innocence applies in the context of habitual offense provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

included both violent and non-violent crimes, Petty's predicate convictions are <u>inherently violent</u> felonies. It makes no difference that he allegedly entered <u>Alford</u> pleas to the Maryland charges of Assault with Intent to Murder [CT-82-1130] (PSR ¶ 29) and Robbery with a Deadly Weapon [CT-82-1132A] (PSR ¶ 35), because these convictions, by their very nature, "<u>necessarily</u> rest on facts establishing [Petty's] participation in . . . a violent felony." <u>Alston</u>, 611 F.3d at 221 (emphasis in original). The Court need only look to the generic elements of these predicate offenses to discern their violent character. <u>See</u> <u>Sykes v. United States</u>, --- U.S. ----, 131 S. Ct. 2267, 2272 (2011) (under the categorical approach, the Court "'consider[s] whether the elements of the offense are of the type that would justify its inclusion'" as an ACCA predicate, "'without inquiring into the specific conduct of this particular offender.'" (quoting <u>Jones</u>, 550 U.S. at 202)).

Under Maryland law, Robbery with a Deadly Weapon requires "the felonious taking and carrying away of the personal property of another from his person . . . by the use of violence or by putting him in fear," aggravated by the use of a deadly weapon. <u>State v. Gover</u>, 298 A.2d 378, 380-81 (Md. 1973); <u>Cates v. State</u>, 320 A.2d 75, 77-78 (Md. Ct. Spec. App. 1974); <u>see also</u> Md. Code Ann., Criminal Law § 27-487 (West 1986) (repealed 2002); Md. Code Ann., Criminal Law § 3-403. Both violence and intimidation are uses of

9

force. <u>United States v. Presley</u>, 52 F.3d 64, 69 (4th Cir. 1995). Accordingly, this crime necessarily "has as an element the use, attempted use, or threatened use of physical force against the person of another" so as to qualify as a predicate offense under the ACCA; what Petty did or did not admit to at his plea colloquy is thus inapposite. 18 U.S.C. § 924(e)(2)(B)(i).

Similarly, Assault with Intent to Commit Murder requires, as its name suggests, "both an assault and an intention to murder," <u>Webb v. State</u>, 93 A.2d 80, 82 (Md. 1952), namely, "a specific intent to kill under circumstances such that, if the victim had died, the offense would be murder." <u>State v. Jenkins</u>, 515 A.2d 465, 472 (Md. 1986); <u>see also</u> Md. Code Ann., Criminal Law § 27-12 (West 1986) (repealed 2002); Md. Code Ann., Criminal Law § 3-202. It is axiomatic that an assault which is committed with the specific intent to kill the victim presents, at the very least, "a serious potential risk of physical injury to another" so as to qualify under the "residual clause" of the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii). Again, given the inherently violent nature of this offense, it is irrelevant whether the conviction arose from an <u>Alford</u> plea.[4]

---

[4] Although the PSR does not indicate whether the sentencing court explicitly considered Petty's burglary conviction as an ACCA predicate, CT-82-1131 (PSR ¶ 32), the Court notes that this conviction would also qualify as an categorically violent felony under the ACCA regardless of Petty's alleged <u>Alford</u> plea. As the Fourth Circuit recently noted,

As such, even considering the substantive applicability of Alston, it is clear that Petty has well over the minimum number of predicate convictions required to qualify as an armed career criminal under the ACCA. See 18 U.S.C. § 924(e). He was properly classified as an armed career criminal at his sentencing, and he remains properly classified still. As such, the Court finds that Petty cannot establish that "the conduct of which [he] was convicted" is no longer criminal, as required to pursue a petition under 28 U.S.C. § 2241 through the savings clause of § 2255, and **OVERRULES** Petty's objections to the R&R. In re Jones, 226 F.3d at 333-34.

---

> ACCA defines a violent felony to include "burglary," and the Supreme Court has construed "burglary" in the statute to include "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."

United States v. Thompson, 588 F.3d 197, 200 (4th Cir. 2009) (quoting Taylor v. United States, 495 U.S. 575, 599 (1990)). The Maryland burglary statute in effect in 1982, the time of Petty's conviction, criminalizes conduct categorically meeting the Taylor definition, i.e., the unlawful entry into the dwelling of another with burglarious intent. See Martin v. State, 269 A.2d 182, 183 (Md. Ct. Spec. App. 1970); see also Md. Code Ann., Criminal Law § 27-30 (West 1986) (repealed 2002) ("[e]very person . . . who shall break and enter any dwelling house in the nighttime with the intent to steal, take or carry away the personal goods of another of any value therefrom shall be deemed a felon, and shall be guilty of the crime of burglary").

PETTY v. O'BRIEN                                                    1:11CV9

ORDER ADOPTING REPORT AND RECOMMENDATION

**PETTY v. O'BRIEN**                                                    **1:11CV9**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 38);

2. **GRANTS** O'Brien's Motion to Dismiss (dkt. no. 27);

3. **DENIES** Petty's § 2241 petition (dkt. no. 1); and

4. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: February 15, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE